IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY L. BECKETT,** | CIVIL NO. 1:CV-03-1716 |
| Petitioner | |
| v. | |
| **KENNETH D. KYLER,** *et al.,* | |
| Respondents | |

FILED
HARRISBURG, PA
FEB 17 2009
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

## MEMORANDUM AND ORDER

On January 29, 2003, Petitioner Beckett filed a pro se petition pursuant to 28 U.S.C. § 2254. By memorandum and order of January 26, 2006, the petition was denied. In that memorandum (doc. 40) the procedural and factual histories were set forth and will not be repeated here except as follows.

Beckett was charged and tried for murder in Dauphin County, Pennsylvania. One of the codefendants was an individual named Lewis Manor who testified against Beckett during the trial.

On of the issues raised in the initial § 2254 petition was a claim of prosecutorial misconduct in the trial. The misconduct alleged is that the prosecutor violated its obligation to disclose evidence of a secret deal with its main witness, Manor, in violation of its obligations to make such disclosures under the doctrine established in *Brady v. Maryland*, 373 U.S. 83 (1963). Beckett claims Manor had an undisclosed deal with the prosecutor.

It is not disputed that Beckett knew that Manor had a deal, that for his cooperation he would spend less than life in prison. It is also undisputed that after the trial, the charges against Manor were dismissed. Still, Beckett claims there was

an undisclosed deal. Such disclosure would have enabled him to cross examine Manor for purposes of impeaching his testimony. Because of the lack of anything on the record to support the existence of a purported undisclosed deal, this claim, as well as others, were dismissed and the habeas petition was denied.

On February 8, 2008, Beckett filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1)(2)(3)(4)(5)(6) to set aside the decision and reopen the original 2254 petition (doc. 47). Attached to the motion were several exhibits, one of which is a letter purportedly authored by Lewis Manor to a Dauphin County District Attorney in which he confirms a "deal" with the Dauphin County District Attorney's Office (doc. 47, ex. 3). That letter purports to confirm that Manor had been promised that if he testified against Beckett, the murder charges against Manor would be dismissed. This letter is alleged to have been obtained by a Henry Baynes, spiritual advisor to the Beckett family, from unknown persons at the Dauphin County Courthouse (*see* doc. 47, ex. 2).

On March 17, 2008, counsel was appointed to represent Beckett on his motion to set aside and reopen. Eventually, it was agreed that the Manor letter would be examined by a forensic expert (doc. 76, order dated September 12, 2008). The court appointed expert, Hartford Kittel, filed a report dated September 19, 2008.[1] Kittel concluded that the signature of Lewis Manor on the letter was not authentic. Beckett disagreed with Kittel's conclusion and requested additional time to find another expert.

---

[1] The Kittel report is attached hereto as exhibit 1.

2

Beckett obtained the services of another expert, Carolyn Kurtz. Her examination and report did not authenticate Manor's signature and did not take issue with Kittel's report and conclusion (doc. 88, ex. 1).

Beckett then requested additional time to find a third expert. He was granted until February 9, 2009 to find another expert. On February 9, 2009, Beckett filed a notice reporting that he has been unsuccessful in locating or obtaining the services of another expert (doc. 88). In his notice, Beckett also argues that this court should find the Manor signature to be authentic based on Beckett's own observations and examination of the document. He argues that the two experts' conclusions were qualified and weak. For this court to do so would fly in the face of common sense. Habeas relief should not be sustained on an unauthenticated document.

Attached to the notice (doc. 88) are affidavits of some of Beckett's family which describe how the Baynes and Manor letters were discovered. These affidavits, however, do not assist in the determination of the authenticity of the signature of Manor. It is this court's opinion that the only way to authenticate Manor's signature is Lewis Manor himself. This letter was purportedly written in May 1992, seventeen years ago. Lewis Manor's whereabouts are probably unknown.

This court does not believe there would be any benefit in having a hearing on this matter as all the evidence is on the record before the court. Based on that record, the court finds there is insufficient evidence to support a claim of prosecutorial misconduct at Petitioner Beckett's trial.

**IT IS THEREFORE ORDERED THAT:**

1) The motion to set aside the ruling on the original petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

2) This court declines to issue a certificate of appealability.

3) The case file remains closed.

                                                                 SYLVIA H. RAMBO
                                                               United States District Judge

Dated: February 17, 2009.