IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**HARRY L. BECKETT,**          :     **CIVIL NO. 1:CV-03-1716**
  **Petitioner**                    :
                                           :
  **v.**                                  :
                                           :
**KENNETH D. KYLER,** *et al.,*  :
                                           :
  **Respondents**                 :

# M E M O R A N D U M

Before the court is a motion for extraordinary relief filed pursuant to Federal Rule of Civil Procedure 60(b)(6). Previously, on September 29, 2004, Petitioner Harry L. Beckett filed in this court a petition pursuant to 28 U.S.C. § 2254. This motion was denied on January 26, 2006. (Doc. 40). Beckett filed a notice of appeal on February 8, 2006, but was denied a certificate of appealability. (Doc. 46.)

On February 8, 2008, Beckett filed a motion for reconsideration of this court's order of January 26, 2006, on the basis of after-discovered evidence. The motion was filed pursuant to Federal Rule of Civil Procedure 60(b)(1)(2)(3)(4)(5)(6). (Doc. 47.) Attached to the motion were several exhibits, one of which is a letter purportedly authored by Lewis Manor to a Dauphin County District Attorney in which he confirms a "deal" with the Dauphin County District Attorney's Office. (Doc. 47, Ex. 3.) That letter purports to confirm that Manor had been promised that if he testified against Beckett, the murder charges against Manor would be dismissed. This letter is alleged to have been obtained by a Henry Baynes, spiritual advisor to the Beckett family, from unknown persons at the Dauphin County Courthouse. (*see*

Doc. 47, Ex. 2.)  This letter was alleged by Beckett to be *Brady* material and never turned over to him by the district attorney.

On March 17, 2008, counsel was appointed to represent Beckett on his motion to set aside and reopen.  Eventually, it was agreed that the Manor letter would be examined by a forensic expert.  (Doc. 76, order dated September 12, 2008.)  The court appointed expert, Hartford Kittel, filed a report dated September 19, 2008.  Kittel concluded that the signature of Lewis Manor on the letter was not authentic.  Beckett disagreed with Kittel's conclusion and requested additional time to find another expert.

Beckett obtained the services of another expert, Carolyn Kurtz.  Her examination and report did not authenticate Manor's signature and did not take issue with Kittel's report and conclusion . (Doc. 88, Ex. 1.)

Beckett then requested additional time to find a third expert.  He was granted until February 9, 2009 to find another expert.  On February 9, 2009, Beckett filed a notice reporting that he has been unsuccessful in locating or obtaining the services of another expert. (Doc. 88.)  Ultimately, the motion to set aside the ruling on the original petition for a writ of habeas corpus was denied.  (Doc. 89.)  Beckett filed a notice of appeal on February 5, 2009.  On July 10, 2009, the Third Circuit Court of Appeals denied his request for a certificate of appealability.  (Doc. 101.)

The instant petition essentially seeks to file another § 2254 petition or to open the previous petition.  Beckett relies on the case of *Lambert v. Beard*, 633 F3d 126 (2011).  One of the issues discussed in that case which lead to a grant of the writ was the failure of the prosecution to disclose exculpatory evidence and misrepresentation of the bargain given to a key witness in exchange for his testimony

– a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Beckett argues that the letter allegedly written by Lewis Manor was *Brady* material that should have been disclosed to his trial counsel.

There is considerable difference between *Lambert* and Beckett's case.  It cannot be proven that the prosecutors in Beckett's case had such a letter or any other evidence of a deal with Manor.  Finally, and most importantly, there is great incredulity about the authenticity of the letter.  (*See* Doc. 88.)

In any event, pursuant to 28 U.S.C. § 2244(b)(3)(A), petitioner must seek leave from the United States Court of Appeals for the Third Circuit to file a second or successive petition.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  April 11, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARRY L. BECKETT,** : | **CIVIL NO. 1:CV-03-1716** |
| Petitioner : | |
| v. : | |
| **KENNETH D. KYLER,** *et al.,* : | |
| Respondents : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for extraordinary relief (doc. 106) is dismissed. This court continues to decline to issue a certificate of appealability.

s/Sylvia H. Rambo
United States District Judge

Dated: April 11, 2011.