IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**HARRY L. BECKETT,**
   **Petitioner**

  v.

**KENNETH D. KYLER,** *et al.*,
   **Respondents**

Civ. No. 1:03-CV-1716

Judge Sylvia H. Rambo

## **M E M O R A N D U M**

Before the court is a motion filed by Petitioner Harry L. Beckett ("Petitioner") pursuant to Federal Rule of Civil Procedure 60(d)(3). The motion alleges that the Commonwealth of Pennsylvania committed fraud on the Dauphin County Court in the prosecution of Petitioner in 1992 for murder.[1] The precise nature of that fraud is difficult for this court to discern from the pleading. For the reasons that follow, the motion will be denied.

**I.**  **Background**

On September 29, 2003, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) That petition was dismissed on January 26, 2006. (Doc. 40.) A notice of appeal was filed on February 3, 2006. (Doc. 41.) On October 23, 2006, the Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability. (Doc. 46.) On February 8,

---

[1] There is some suggestion that fraud was committed on this court in the habeas proceeding.

2008, Petitioner filed a motion for reconsideration of this court's order of January 26, 2006. (Doc. 47.)

Subsequent to the filing of the motion for reconsideration, various motions were filed. A public defender was appointed to represent Petitioner and this court approved the hiring of a forensic handwriting examiner. The handwriting expert was hired to examine a signature on a document pertinent to a defense in Petitioner's murder trial. Based upon the forensic handwriting expert's reports, which did not help Petitioner, this court reaffirmed its judgment of January 26, 2006 and declined to issue a certificate of appealability. (Doc. 89.)

Throughout the time from July 2009 to the present, Petitioner continued to send this court letters and motions for relief and reconsideration, all of which were denied. On September 3, 2015, Petitioner filed the instant motion.

## II. Discussion

Although Petitioner's instant motion claims to be pursuant to Federal Rule of Civil Procedure 60(d)(3), the fraud alleged in the motion is on the part of the Commonwealth of Pennsylvania, which was the opposing party in Petitioner's criminal trial, and thus Petitioner's motion actually falls under Federal Rule of Civil Procedure 60(b)(3). *Box v. Petsock*, Civ. No. 86-cv-1704, 2014 WL 4093248, *13 (M.D. Pa. Aug. 18, 2014) (citing *Gagliardi v. Courter*, Civ. No. 02-cv-2035, 2011 WL 710221 (W.D. Pa. Feb. 22, 2011) ("Fraud on the court is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case . . ."). Rule 60(b)(3) allows a court to grant relief from a judgment for "fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Thus, the court will treat the instant motion as one filed pursuant to Rule 60(b)(3).

Pursuant to Rule 60(c), a motion filed pursuant to Rule 60(b) must be filed "no more than a year from the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c). From a review of the docket in the case it could conceivably be discerned that the memorandum and order of this court dated October 26, 2012 (Doc. 116) denying a Rule 60(b) motion is the date which started Rule 60(c)'s one-year limitation. The motion is therefore untimely.

In addition to its untimeliness, the instant petition appears to allege fraud by the Commonwealth of Pennsylvania in this proceeding as well as the State court proceeding. In so doing, the instant motion inextricably challenges the underlying State court proceeding and can be deemed a second or successive petition. *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."). No certificate of appealability has been given by the Court of Appeals to the instant motion as required by 28 U.S.C. § 2244 for a second or successive habeas petition.

Accordingly, the motion will be denied. An appropriate order will issue.

                                                     S/SYLVIA H. RAMBO
                                                     United States District Judge

Dated: September 10, 2015.